## (February 29, 1972)

■ MILES CHRISTMAN, Individually and on Behalf of All Other Persons Similarly Situated, Respondents, v. ALBERT SKINNER, as Monroe County Sheriff, Appellant.— The issues presented in this action having become moot with respect to the named plaintiff, as to him the appeal is dismissed. Order appealed from reversed, complaint dismissed and preliminary injunction vacated, all without costs. Memorandum: Plaintiff is no longer in jail and so, as to him, the question presented in his complaint is moot. The complaint purports to state a class action; and we recognize that if it appears in such an action that there are others of the class with plaintiff who are similarly situated, we should proceed to decide the issue despite the fact that plaintiff is no longer affected (see *East Meadow Assn.* v. *Board of Educ.*, 18 N Y 2d 129, 135). The record shows that when plaintiff entered appellant's jail, he was clean shaven. Thereafter in jail he sought to change his countenance by growing a beard. Such change could affect his identification upon the trial. No similar factual situation is presented as to the other detainees whom plaintiff purports to represent, and it has not been shown that other prisoners in this jail were of this special class. We find no need to extend the class to remaining inmates who might have other grievances, albeit also related to hair adornment, and who have not sought relief herein. As this case demonstrates, varying facts may present substantially different issues which do not lend themselves to anticipatory determination. ¶ The appeal insofar as it relates to the named plaintiff should, therefore, be dismissed as moot. There being no proper basis for entertaining the complaint as a class action, the order appealed from should be reversed, the complaint dismissed and the preliminary injunction vacated. Del Vecchio, J. P. (dissenting). Plaintiff brought this action individually and on behalf of pretrial detainees at the Monroe County Jail for injunctive and declaratory relief to restrain defendant, the Sheriff of Monroe County,

from cutting the facial hair of plaintiff and the members of the class he represents, on the ground it would violate their constitutional rights of equal protection, due process, privacy, free expression and freedom from cruel and unusual punishment. Defendant appeals from an order which denied his motion to dismiss plaintiff's complaint and to dismiss plaintiff's application for a preliminary injunction and restrained defendant from cutting the facial hair of plaintiff or members of the class he represents pending a determination of the issues after trial. ¶ The complaint alleges that plaintiff represents a class composed of all prisoners incarcerated in the Monroe County Jail who are awaiting trial but who have not yet been convicted of the crime or crimes for which they are charged and who have facial hair which they do not desire to have cut, that a memorandum circulated among the guards stated that beards and mustaches of men incarcerated should be cut off by them or would be by the authorities, that at least one person incarcerated in the jail had his mustache cut off, and that the declared intention of cutting facial hair of plaintiff and the members of the class he represents is an unconstitutional infringement of their several specified protected rights. Defendant has served no answer but, in support of his motion to dismiss, has submitted two affidavits by him which offer, as justification for the directive in the memorandum, two provisions of the Minimum Standards and Regulations for Management of County Jails and Penitentiaries promulgated by the Commissioner of Correction. Subdivision (e) of section 5100.13 (7 NYCRR 5100.13 [e]) states: ¶ "Prisoners should be required to shave at least twice weekly, and all must be clean shaven; long hair should not be permitted." Subdivision (a) of section 5100.10 (7 NYCRR 5100.10 [a]) states: ¶ "On admission, each prisoner must be carefully searched for weapons, tools, drugs, contraband [etc.] " ¶ The affidavits assert that plaintiff is charged with driving while intoxicated and violation of parole, that it would be difficult for the Sheriff to comply with the afore-mentioned standards if plaintiff's hair were not cut, as plaintiff could conceal drugs, weapons and other contraband in such long hair, that consistent with good discipline and morale among inmates at the jail it would be discriminatory to allow plaintiff to maintain his beard when other inmates have received regulation haircuts and that deponent feels that to allow plaintiff to maintain his facial hair would have a tendency to incite other prisoners, leading to altercations and perhaps rioting, such that the safety of all prisoners would be in jeopardy. ¶ On this showing the Justice at Special Term has declined to dismiss the action for a permanent injunction, granted defendant an opportunity to answer the complaint and continue temporary injunctive relief pending trial of the action. ¶ Although no claim of mootness has been asserted by either party to this appeal—both of whom participated in oral argument and submitted briefs to the court—the majority is now reaching out to dismiss the appeal (taken by defendant) as moot. At the same time, however, it is also reversing the determination and order of Special Term, vacating the temporary injunction and dismissing plaintiff's complaint. This disposition strikes me as incongruous. ¶ Moreover, I cannot agree that the issues presented by this litigation ought to be abandoned as moot, or that the record demonstrates that plaintiff is in a factual situation unique to himself such that no class exists for whose benefit the present action is maintainable. Even when an appeal has become moot and academic, an appellate court properly refrains from dismissal when the question is one of major importance which, because it will arise again and again, invites immediate decision (*Matter of Rosenbluth v. Finkelstein*, 300 N. Y. 402, 404). "It is

settled that judicial reluctance to decide questions which need not be reached must give way when a case raises 'important constitutional issues' and the 'controversy is of a character which is likely to recur'" (*Matter of Bell* v. *Waterfront Comm.*, 2 N Y 2d 54, 61). This is such a case. The issue presented is of general interest to all pretrial detainees who either have or want to wear a beard or mustache; likewise, the Sheriff, as appellant with a continuing interest in the disposition of this appeal on the merits, is entitled to know whether the regulation is constitutionally valid and he should not be subjected to another action for such a determination. (Cf. *Matter of 330 Rest. Corp.* v. *State Liq. Auth.*, 26 N Y 2d 375, 377.) ¶ Furthermore, it does not appear in the present case that the appeal is moot. The nominal plaintiff represents a class described in the complaint as " all those prisoners incarcerated in the Monroe County Jail who are awaiting trial but who have not yet been convicted of the crime or crimes for which they are charged and *have facial hair which they do not desire to have cut*". (Italics supplied.) Nowhere in the record do I find the facts relied on by the majority to make plaintiff's situation peculiar to himself (that he was clean shaven when he entered jail, thereafter in jail he sought to change his countenance by growing a beard and such change could affect his identification upon the trial). Plaintiff was a fair representative of the class which he purported to represent when this action was started. Despite his reported release from confinement he has continued to protect and advance the interests of the class at least through this appeal. The disposition being made by the majority deprives the class of its advances thus far made, under the pretext that its representative has fallen from the ranks. To date he has not deserted their cause, and any danger of this occurrence can be avoided by notice given to present members of the class of their right to intervene and participate in the action (See *Graham* v. *Board of Supervisors*, 25 A D 2d 250, 252; CPLR 1012). ¶ On the merits, I would affirm the order of Special Term. ¶ I recognize that lawful incarceration brings with it the necessary withdrawal of many privileges and rights. A prisoner, however, does not lose all his fundamental rights because of and during his incarceration (*Seale* v. *Manson*, 326 F. Supp. 1375, 1379). " Prison rules must pass the basic test of due process reasonability, with that test being more or less stringent according to the character of the right taken from the prisoner" (*Gilmore* v. *Lynch*, 319 F. Supp. 105, 109, probable juris. postponed, 401 U. S. 906). The right to wear one's hair in any desired manner is an ingredient of personal freedom protected by the United States Constitution, and the protection is applicable to States through the Due Process Clause of the Fourteenth Amendment (*Breen* v. *Kahl*, 419 F. 2d 1034, cert. den. 398 U. S. 937; *Richards* v. *Thurston*, 424 F. 2d 1281). Logic requires that the same protection be extended with regard to hair worn on the face; it has been so held in *Seale* v. *Manson* (*supra*) and *Matter of Hunt* v. *Board of Fire Comrs.* (68 Misc 2d 261). ¶ Once the existence of the constitutionally protected right of personal appearance is acknowledged, there comes into play a " substantial burden of justification" upon the State for restrictions or limitations of the right (*Griswold* v. *Connecticut*, 381 U. S. 479, 503). The question, then, is whether there is an outweighing State interest justifying an intrusion by requiring pretrial detaineees to be clean shaven. " Once the personal liberty is shown, the countervailing interest must either be self-evident or be affirmatively shown" (*Richards* v. *Thurston, supra,* p. 1286). ¶ Infringement of constitutional rights of persons in jail pending trial of charges against them may be justified only by a need requisite for the purpose of confinement (*Jones* v. *Wittenberg,*

323 F. Supp. 93, 98, 100; *Seale* v. *Manson, supra,* p. 1379). Mere confinement does not provide self-evident justification for the infringement which defendant would effect, and proof of reasonable basis for prohibiting facial hair must therefore be submitted upon a trial of the action. In response to the assertion that cleanliness and appearance of inmates are facets of confinement which provide justification for this regulation, it must be observed that wearers of facial hair are not inherently unclean nor is their appearance *ipso facto* unacceptable. Several presidents of the United States as well as a distinguished Chief Justice of the Supreme Court have been among this group, and one needs only walk the public street to observe the frequency with which this style is now being affected. I see no inherent reason why cleanliness or grooming require pretrial detainees to be clean shaven, and conclude that a blanket regulation which precludes the wearing of facial hair by such detainees does not carry with it inherent self-evident justification. ¶ Destitute pretrial detainees who are unable to be released on bail should be afforded the same opportunity as defendants who have money and are not incarcerated to appear before the jury in the manner they deem beneficial to their case. "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has" (*Griffin* v. *Illinois,* 351 U. S. 12, 19). Without a reason rationally related to the public interest, a prisoner awaiting trial in jail should not be deprived of his constitutional right to wear facial hair if he so desires. ¶ The State of course may deal with known evils under its police power. An epidemic of lice might conceivably authorize a requirement that detainees be clean shaven. Other like crises might be imagined. If particular facts or conditions present at the Monroe County Jail warrant such a widesweeping regulation at that location, defendant should be required to offer proof to establish those facts or conditions to show the reasonableness of the regulation as applied to unconvicted persons who are presumed to be innocent and should be treated as such. The burden is on defendant to demonstrate a compelling justification for imposing the regulation on persons being detained pending trial (*Richards* v. *Thurston, supra,* p. 1286). Dismissal of the complaint alleging infringement of a constitutionally protected personal right, without such a showing, sustains an apparently unwarranted intrusion. ¶ The order should be affirmed. Marsh, Witmer, Moule and Henry, JJ., concur; Del Vecchio, J. P., dissents and votes to affirm in an opinion. Order appealed from reversed, etc.